## JOHN BARRY vs. CITY OF WORCESTER.

Worcester.    Oct. 4, 1886. — Feb. 23, 1887.    DEVENS & W. ALLEN, JJ.,
                                absent.

If A., the owner of a parcel of land, agrees with B. that B. may take gravel from
    the land at a certain price per cubic yard, and A. afterwards makes a deed of
    the land, this does not operate as a revocation of the license to B. to enter
    upon the land, if the deed is colorable, and A. remains in possession and
    control of the land; and A. may maintain an action for gravel taken from
    the land by B. after the conveyance.

CONTRACT, on an account annexed, for gravel alleged to have
been sold by the plaintiff to the defendant city, from 1876 to
1883.    Writ dated July 22, 1884.    Answer, a general denial.
Trial in the Superior Court, before *Bacon*, J., who allowed a bill
of exceptions in substance as follows:

The evidence of the plaintiff tended to show that in the spring
of 1876 he made an agreement with the defendant's agent and
highway commissioner to allow the city to take gravel from a
pit on the farm then owned by the plaintiff, for which he was to
be paid a certain price per cubic yard, and the city, at that time
and thereafter, until the spring of 1883, with its own teams and
teams in its employ, from time to time continued to take gravel
from said pit for use in the highways.

The plaintiff's wife, Jane Barry, testified that she and her
husband had lived there twenty-three years, and that the prop-
erty was purchased by her husband, John Barry, in his name.
The plaintiff put in evidence a deed from Henry Chapin to
himself, dated October 9, 1863, and duly recorded.

The defendant put in evidence the following deeds:  1. A
deed from the plaintiff to Thomas Barry, his son, dated June 10,
1876.    2. A deed from said Thomas Barry to Jane Barry, the
wife of the plaintiff, dated December 22, 1876.    3. A deed from
Jane Barry to John Barry, Jr., son of the plaintiff, dated Sep-
tember 24, 1879.    4. A deed from John Barry, Jr., to the plain-
tiff, dated January 6, 1882.

The plaintiff, on cross-examination, testified that he always
kept a deed of the land himself; that he got robbed of one

thousand dollars at one time; and "deeded it over" to his boys; that he made a conveyance to his son once, but the deed or property never went out of his hands or control; that the property never cost the son a cent; that the son conveyed to the plaintiff's wife. On reëxamination, the plaintiff also testified that the property was all conveyed back into his hands.

The plaintiff contended that he could maintain his action for the gravel sold and delivered by him to the defendant, notwithstanding the record or colorable title was in other members of his family, if he was in fact the owner, and asked the judge so to instruct the jury.

The judge declined to rule as requested; but instructed the jury that the plaintiff could not recover for any gravel taken before January 6, 1882, if the jury were satisfied that the plaintiff made the conveyances put in evidence by the defendant.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. A. Gile*, for the plaintiff.

*F. P. Goulding*, for the defendant.

GARDNER, J. It is well settled law that an unqualified grant of land will operate as a revocation of a license to enter upon the land and take away trees or other products of the soil, or part of the soil, such as gravel. *Drake* v. *Wells*, 11 Allen, 141. The deed making such conveyance must be absolute, giving an unqualified grant of the land.

In the present case, the plaintiff with his family was in possession of the land from which the gravel was taken, during all the time in which the defendant was taking it. The defendant was not forbidden by any person to take the gravel. There was evidence tending to show that the conveyances from the plaintiff to his son, and by the son to the plaintiff's wife, and back again to the son, were colorable; that they were mere paper titles; that the plaintiff had the control and possession of the real estate while the paper title was in his son and wife; and that neither the son nor the wife exercised any control over the estate or had possession of the same. There was evidence of a license to the defendant to enter and cart away the gravel, even if the original license was revoked by the deed of the plaintiff to his son. The defendant entered upon the premises without

opposition, and apparently under the license of the plaintiff, who was in possession. There was no evidence that the son or the wife ever objected to the entry of the defendant, and to its taking away the gravel. When the gravel was severed from the realty and carried away by the defendant under these circumstances, a sale of the gravel by the plaintiff to the defendant may be implied.

The prayer for instructions was inartificially worded. If the record or colorable title was in other members of the plaintiff's family, it is difficult to determine how the plaintiff could be the true owner. The word "owner" as used was equivocal, and probably was adopted to express the plaintiff's title as known by him, his wife, and his son, all of whom evidently treated the plaintiff as the owner. We think that the request for a ruling should have been granted in some form. There was evidence from which the jury might have found that the wife and son, while holding the record title, assented to the delivery of the gravel by the plaintiff to the defendant, and that the conveyance to them was colorable, so that the plaintiff had the right to sell the gravel. This question was fairly open upon the evidence and the request for a ruling. The instructions of the court to the jury, that the plaintiff was not entitled to compensation for any gravel taken by the city while the record title was out of him, and that, if the jury found that the conveyances were made as appears by the records, the plaintiff was not entitled to anything prior to the time when the record title came back to him, excluded the question from the consideration of the jury.                    *Exceptions sustained.*